IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM C. MAZUREK, # R-44679, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-577-MJR |
| | ) |
| DR. WALDVOGEL, DR. DACE, | ) |
| DR. O'BRIAN, SHERRY LYNN, | ) |
| DR. CONWAY, ALLEN MARTIN, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALVATOR GODINEZ, | ) |
| and LEHMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was confined at Shawnee Correctional Center ("Shawnee"). He is serving a 15-year sentence for criminal sexual assault. Plaintiff claims that Defendants were deliberately indifferent to his serious need for dental treatment. In addition, two of the Defendants filed false disciplinary charges against him in retaliation for his pursuit of grievances over his dental care.

More specifically, Plaintiff states that he has suffered from painful dental problems affecting several of his teeth since September 2012 or before (Doc. 1, p. 11).[1] Defendant Waldvogel, a former Shawnee dentist, approved Plaintiff to receive tooth restoration

---

[1] A March 6, 2013, grievance attached by Plaintiff states that he had previously been approved for dental restoration on February 28, 2011 (Doc. 1, pp. 27-29).

treatment on August 24, 2012 (Doc. 1, pp. 12, 26).  The approval letter noted that he was likely to have a long wait, both due to equipment breakdowns and because about 20 other inmates were ahead of him on the list, some for nearly two years.

On March 6, 2013, Plaintiff filed a grievance because his dental problems had not yet been addressed.  On March 22, 2013, Defendant Waldvogel put a temporary filling in tooth #31, which had a "huge hole," and told Plaintiff he would be called back in two weeks for a permanent filling (Doc. 1, p. 12).  However, he never called Plaintiff in for this dental work, despite Plaintiff's complaints that the temporary filling had fallen out and he was in pain. Plaintiff continued to suffer extreme pain and an infection from that tooth, as well as four other teeth:  #32, #14, #3, and #2.

Plaintiff was next seen by Defendant Dace, who replaced Defendant Waldvogel as the Shawnee dentist (Doc. 1, p. 13).  Plaintiff suffers from Hepatitis C, and although he had been approved to receive HCV treatment for that condition, he could not start treatment until his dental infection was resolved (Doc. 1, pp. 13, 36).  On September 14, 2013, Defendant Dace told Plaintiff that tooth #31 (the infected tooth from which the temporary filling had come out) could only be saved with a root canal, a procedure that could not be performed at the prison.

Defendant Dace started him on a two-week course of antibiotics.  Plaintiff consented to have the tooth extracted, but at the same time filed an emergency grievance to Defendant Warden Martin seeking a referral for a root canal.  Defendant Dace then made a request/referral to Defendant Wexford Health Sources, Inc. ("Wexford" - the company which is under contract to provide dental care to prisoners), to have Plaintiff approved for a root canal outside the prison (Doc. 1, pp. 14, 39-42).  Defendant Martin approved this referral request. However, Defendant O'Brian (Utilization Management Physician for Wexford) and Defendant

Wexford denied the request, leaving Plaintiff with extraction of the tooth as his only option (Doc. 1, p. 43).  In November 2013, Defendant Dace pulled tooth #31, but refused to address Plaintiff's complaints about the four other teeth.

Defendant Lynn (Shawnee Health Care Administrator) reviewed Plaintiff's grievances regarding his dental care, and is responsible for the health care equipment used in caring for inmates (which Defendant Waldvogel stated had broken down, causing delays in treatment) (Doc. 1, p. 16).

Defendant Conway is another Shawnee dentist.  On February 13 and 21, 2014, he filled tooth #2, and advised Plaintiff he would try to fill the other teeth, but might have to pull them if the cavities were too close to the nerve (Doc. 1, p. 16).

Plaintiff alleges that Defendant Warden Martin "signs his name carelessly to grievances in concurrence" and has the power to intervene when numerous inmates complain of problems with dental care (Doc. 1, p. 17).

He further claims that Defendant Wexford has a policy and/or practice of denying rudimentary dental procedures as well as preventing inmates from having access to outside facilities where such care might be provided (Doc. 1, p. 17).  Further, Defendant Wexford is responsible for providing functional equipment so that inmates may receive dental care in the prison.

Defendant Godinez (Director of the Illinois Department of Corrections – IDOC), concurred with the denial of Plaintiff's grievance over his unsuccessful request to have a root canal and other matters (Doc. 1, pp. 18, 42).

Plaintiff's retaliation claim is against Defendants Lehman (dental assistant) and Dace (Doc. 1, pp. 18-22).  After Defendant Conway filled tooth #2 on February 21, 2014,

Plaintiff put in several complaints of pain in tooth #3 (Defendant Conway planned to attempt to fill teeth #3, #4, and #32 at a later date). On March 22, 2014, Plaintiff was called to see Defendant Dace, who talked to him about bone loss and told him she could do nothing for him that day. Plaintiff asked about the pain he was having in tooth #3. Defendants Dace and Lehman took several x-rays of Plaintiff's teeth and told him they may be too far gone for fillings (Doc. 1, p. 20). They discussed the denied root canal procedure over which Plaintiff had filed a grievance several months before. Defendant Dace then proceeded to drill and fill three teeth (#32, #29, and #28), two of which Plaintiff never complained about, and did nothing for the painful tooth #3. Plaintiff filed a grievance on March 23, 2014, over her failure to complete his treatment (Doc. 1, pp. 21, 49-50).

Defendants Dace and Lehman submitted a disciplinary report on March 26, 2014, claiming that Plaintiff intimidated and threatened them into giving him fillings on March 22, refusing to leave until all his teeth were done (Doc. 1, p. 21, 45-48). Plaintiff asserts that these accusations are false, pointing out that they never asked for help from the nearby guard even though he supposedly threatened them. Plaintiff requested witnesses and asked to question Defendants in person, but this was not done. He was found guilty after the disciplinary hearing, and was punished with three months' segregation, loss of three months good conduct time, and a disciplinary transfer (Doc. 1, pp. 24, 47). His appeal of that action is pending.

As relief, Plaintiff requests damages and an injunction to provide him with dental care (Doc. 1, pp. 23-24).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Eighth Amendment claim against Defendants Waldvogel, Dace, O'Brian, and Wexford, for deliberate indifference to Plaintiff's serious dental condition;

**Count 2:** Retaliation claim against Defendants Dace and Lehman, for bringing false disciplinary charges against Plaintiff after he filed grievances over the denial of a root canal and Defendant Dace's failure to care for all his teeth that needed restoration.

However, Plaintiff fails to state a claim upon which relief may be granted against Defendants Lynn, Conway, Martin, or Godinez. Defendants Lynn, Conway, and Martin shall be dismissed from the action as discussed below.

In order to state a claim for deliberate indifference to a serious medical or dental need, a prisoner must show that he had "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). There is no doubt that Plaintiff's dental problems satisfied the objective element of an Eighth Amendment claim. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (dental care is "one of the most important medical needs of inmates").

Further, Plaintiff's allegations suggest that each of the Defendants named in Count 1 above delayed and/or denied treatment despite their awareness of the serious nature of his

problems. As to Defendant Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has alleged that at least some of the individual Defendants' denial of dental care was based on an official policy espoused by Defendant Wexford. Therefore, he may proceed with the deliberate indifference claims against Defendants Waldvogel, Dace, O'Brian, and Wexford.

**Defendant Godinez**

Defendant Godinez shall remain in the action in his official capacity at this time, because Plaintiff is seeking injunctive relief and is no longer housed at Shawnee, where Defendant Martin is the warden. Defendant Godinez, as IDOC Director, would be responsible for implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Plaintiff shall note, however, that the complaint does not support a substantive claim against Defendant Godinez. His role in signing off on the denial of Plaintiff's grievance over his dental care is not sufficient to impose liability on him. It is well established that the handling or even mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.

1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). Further, he cannot be held liable as a supervisor, because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). A civil rights claim can only be maintained against an official who was "personally responsible for the deprivation of a constitutional right." *Id.*

**Dismissal of Defendants Lynn, Martin, and Conway**

Plaintiff's allegations against these Defendants do not suggest that they were deliberately indifferent to his dental needs. Defendant Lynn was not involved directly in Plaintiff's care, but merely responded to his grievances. As noted above, that does not rise to the level of personal involvement necessary to sustain a constitutional claim. He also seeks to hold her liable because she was allegedly responsible for maintaining the equipment in working order so that the dental professionals could provide care in a timely fashion. While this is indeed a critical responsibility, none of Plaintiff's allegations suggest that Defendant Lynn was anything other than negligent (if that) in failing to have the equipment fixed. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Again, Defendant Martin's concurrence with the denial of Plaintiff's grievances does not make him liable for any unconstitutional acts that were the subject of the grievances. Nor can he be held liable in his supervisory capacity. Finally, by Plaintiff's own description, Defendant Martin approved the attempt to seek permission for Plaintiff to have a root canal procedure outside the prison. Far from being deliberately indifferent to Plaintiff's needs, Defendant Martin facilitated the root canal request, which was ultimately denied by other Defendants.

Finally, Defendant Conway filled one of Plaintiff's problem teeth, and Plaintiff does not indicate that he was responsible for any delay in care. He told Plaintiff that he would attempt to fill three other teeth but did not know if it would be possible to avoid extraction. When Plaintiff was called back for his dental appointment, he saw Defendant Dace, not Defendant Conway. There are no allegations suggesting that Defendant Conway denied care or was deliberately indifferent to Plaintiff's condition.

To summarize, the claims against Defendants Conway, Martin, and Lynn are dismissed without prejudice, and these Defendants shall be dismissed from the action.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

Defendants **LYNN, CONWAY,** and **MARTIN** are **DISMISSED** from this action without prejudice, because Plaintiff has failed to state a claim against them upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **WALDVOGEL, DACE, O'BRIAN, WEXFORD HEALTH SOURCES, INC., GODINEZ,** and **LEHMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the

full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2014**

s/ MICHAEL J. REAGAN<br>United States District Judge